UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFREY A. SULLIVAN #173885,
GUY STERLING WILSON #205533

      Plaintiffs,

v.                                                                                          Case No. 2:04-cv-110
                                                                                            HON. GORDON J. QUIST

PATRICIA CARUSO, et al.,

      Defendants.
_____/

**OPINION**

This is a civil rights action brought by two state prisoners pursuant to 42 U.S.C. § 1983. On September 14, 2005, this court entered a judgment dismissing plaintiffs' claims. Thereafter, defendants filed a motion to tax costs against plaintiffs in the amount of $55.25. Because there are multiple plaintiffs, each plaintiff is proportionately liable for any fees or costs. *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997). Thus, each plaintiff is liable for $27.62. Plaintiff Sullivan filed a response to defendants' motion on October 20, 2005. Plaintiff Wilson elected not to file a response to defendants' motion.

The court finds that defendants' costs, including those sought under 28 U.S.C. § 1923(a), are authorized by statute and reasonable in nature and amount. *See Meador-Bey v. Jones*, No. 92-2379, 1993 WL 76228, at *1 (6th Cir.), *cert. denied*, 509 U.S. 913 (1993); *Berryman v. Epp*, 884 F. Supp. 242, 244-45 (E.D. Mich. 1995). Costs in the amount of $55.25 are therefore approved.

The Prison Litigation Reform Act, Pub. L. No. 104-134 (1996), removes the court's discretion to order relief from taxed costs on the basis of a prisoner's indigence. Under the Act, costs should generally be awarded regardless of whether the inmate is indigent. *See* 28 U.S.C. § 1915(f)(2)(A); *Singleton v. Smith*, 241 F.3d 534, 539-40 (6th Cir. 2001). Defendants are entitled to an award of costs totaling $55.25.

A prisoner litigant against whom costs are taxed is now required to make an initial payment of costs equal to twenty percent of the greater of (a) the average monthly deposits to the prisoner's account, or (b) the average monthly balance in the prisoner's account over a six month period. 28 U.S.C. § 1915(a)(2), (f)(2)(B). After an initial payment, the prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the Michigan Attorney General's Office each time the amount in the account exceeds $10.00 until the costs are paid in full.

**Plaintiff Sullivan**

Defendants filed a certificate establishing plaintiff Sullivan's prison account activity. Plaintiff's average monthly deposit for the six months reported was $41.67. Twenty percent of that amount is $8.33. Plaintiff has a current account balance of $0.00. Therefore, it appears that plaintiff Sullivan is financially incapable of making an initial payment. Accordingly, the Department of Corrections shall remit monthly payments from plaintiff Sullivan's account as indicated above until costs of $27.62 are paid in full.

**Plaintiff Wilson**

    Defendants filed a certificate establishing plaintiff Wilson's prison account activity. Plaintiff Wilson had an average monthly deposit of $250.00 and has a current account balance of $314.93. Accordingly, plaintiff Wilson's portion of the costs, or $27.62, is immediately payable by plaintiff to the Michigan Attorney General's Office.


Dated: March 2, 2006                /s/ Gordon J. Quist
                      GORDON J. QUIST
                      UNITED STATES DISTRICT JUDGE